**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| RODNEY MISIAK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )      CIVIL NO. 10-133-GPM |
| | ) |
| CATHY FARMER, LARRY SIMMONDS, | ) |
| STEVE CORRIER, APPLEBEE'S | ) |
| SERVICES, INC., and APPLEBEE'S | ) |
| INTERNATIONAL, INC., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

## I. INTRODUCTION

This case, which comes to the Court via removal from state court, is before the Court sua sponte on the issue of federal subject matter jurisdiction. *See Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004) (a district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction"); *Asperger v. Shop Vac Corp*., 524 F. Supp. 2d 1088, 1091 (S.D. Ill. 2007) (quoting *Hay v. Indiana State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002)) (reviewing sua sponte the allegations of federal subject matter jurisdiction contained in a notice of removal because "[j]urisdiction is the . . . power to declare law, . . . and without it the federal courts cannot proceed.  Accordingly, not only may the federal courts police subject matter jurisdiction *sua sponte*, they must.").  Plaintiff Rodney Misiak, a former employee of Defendant Applebee's International, Inc. ("AII"), who worked at a restaurant owned by AII in Shiloh, Illinois, brings this action against AII and Defendants Cathy Farmer, Larry Simmonds, Steve Corrier, and

Applebee's Services, Inc. ("ASI"), alleging that his employment with AII was terminated in retaliation for Misiak having filed charges of employment discrimination against Defendants with the Illinois Department of Human Rights. According to the allegations of Misiak's operative complaint in this case, ASI is a corporate affiliate of AII, while Farmer, Simmonds, and Corrier are Misiak's former superiors at the restaurant where Misiak worked. Misiak asserts a cause of action under the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/1-101 *et seq.*, specifically the portion of the statute providing that "[i]t is a civil rights violation for a person, or for two or more persons to conspire, to . . . [r]etaliate against a person . . . because he or she has made a charge, filed a complaint, testified, assisted, or participated in an investigation, proceeding, or hearing under this Act[.]" 775 ILCS 5/6-101(A). This suit was filed originally in the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, and has been removed to this Court by AII and ASI; federal subject matter jurisdiction is asserted on the basis of diversity of citizenship. For the following reasons, the Court remands the case to state court for lack of subject matter jurisdiction.

## II. ANALYSIS

In general, the exercise of federal subject matter jurisdiction in diversity requires that there be complete diversity of citizenship among the parties to an action and that an amount in excess of $75,000, exclusive of interest and costs, be in controversy. *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008); *Rehkemper & Son, Inc. v. Indiana Lumbermens Mut. Ins. Co.*, Civil No. 09-858-GPM, 2010 WL 547167, at *2 (S.D. Ill. Feb. 10, 2010). Complete diversity of citizenship means, of course, that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a

citizen." *Howell v. Tribune Entm't Co.*, 106 F.3d 215, 217 (7th Cir. 1997).  *See also Krueger v. Cartwright*, 996 F.2d 928, 931 (7th Cir. 1993) ("Under the rule of complete diversity, if there are residents of the same state on both sides of a lawsuit, the suit cannot be maintained under the diversity jurisdiction even when there is also a nonresident party.").  In the context of removal, it is the defendant, as the proponent of federal subject matter jurisdiction, who has the burden of proof as to the existence of such jurisdiction.  *See Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008); *In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 607 (7th Cir. 1997).  "'Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum.'  Put another way, there is a strong presumption in favor of remand."  *Fuller v. BNSF Ry. Co.*, 472 F. Supp. 2d 1088, 1091 (S.D. Ill. 2007) (quoting *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)).  Correspondingly, all doubts concerning the propriety of removal are to be resolved in favor of remand to state court. *See Rinier v. A.W. Chesterton, Inc.*, Civil No. 09-1068-GPM, 2010 WL 289194, at *1 (S.D. Ill. Jan. 19, 2010); *Littleton v. Shelter Ins. Co.*, No. 99-912-GPM, 2000 WL 356408, at *1 (S.D. Ill. Mar. 9, 2000).

In this case, diversity of citizenship is not complete:  Misiak is a citizen of Illinois, as are Farmer and Simmonds.  The removing Defendants, AII and ASI, contend that the Court can exercise jurisdiction in diversity because Farmer and Simmonds have been fraudulently joined to defeat diversity jurisdiction.  In evaluating diversity of citizenship, a court must disregard a defendant that has been fraudulently joined.  *See Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999); *Brown v. Bayer Corp.*, Civil No. 09-760-GPM, 2009 WL 3152881, at *2 (S.D. Ill. Sept. 28, 2009).  In the Seventh Circuit a defendant is fraudulently joined to defeat diversity when

"there is no possibility that a plaintiff can state a cause of action against [the] nondiverse defendant[ ] in state court, or where there has been outright fraud in plaintiff's pleading of jurisdictional facts." *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993). *See also Hoosier Energy Rural Elec. Coop., Inc. v. Amoco Tax Leasing IV Corp.*, 34 F.3d 1310, 1315 (7th Cir. 1994); *Rutherford v. Merck & Co.*, 428 F. Supp. 2d 842, 846 (S.D. Ill. 2006). A defendant seeking removal based on alleged fraudulent joinder has the "heavy" burden of proving that, after the court resolves all issues of law and fact in the plaintiff's favor, there is no possibility that the plaintiff can establish a cause of action against the diversity-defeating defendant in a state court. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992); *Hill v. Olin Corp.*, No. 07-CV-0054-DRH, 2007 WL 1431865, at *1 (S.D. Ill. May 14, 2007). This standard, the United States Court of Appeals for the Seventh Circuit suggested recently, may be "even more favorable to the plaintiff than the standard that applies to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 764 (7th Cir. 2009). *See also Ellis v. Hansen & Adkins Auto Transp.*, Civil No. 09-677-GPM, 2009 WL 4673933, at *3 (S.D. Ill. Dec. 4, 2009). This is because, in evaluating fraudulent joinder, a court is narrowly confined to the pleadings and must resolve all questions of fact and of law against removal, save in a small class of cases where a plaintiff's inability to establish a cause of action against a diversity-defeating party in state court can be proven incontrovertibly through summary evidence. *See Moore v. Johnson & Johnson*, Civil No. 09-854-GPM, 2009 WL 3349859, at *3 (S.D. Ill. Oct. 19, 2009) (collecting cases).

In this instance AII and ASI contend that Farmer and Simmonds have been fraudulently joined to defeat diversity jurisdiction because as a matter of Illinois law an employee of a company

cannot be liable under the IHRA for retaliatory conduct that is alleged against the company.  It is true that "[i]n cases where retaliation is charged, where the action is undertaken by a company official in the name of the employer, the charge must be against the employer and not against the official personally." *Anderson v. Modern Metal Prods.*, 711 N.E.2d 464, 471 (Ill. App. Ct. 1999). "Although it is possible for a company official to retaliate against someone personally, where the action is undertaken in the name of the respondent employer, the charge must be against the employer and not the official personally." *In re Binghay and Clemons*, Charge No: 1991CN2356, 1994 WL 880430, at *1 (Ill. Hum. Rts. Comm'n May 27, 1994).  Correspondingly, "a charging party cannot make a company official personally liable by claiming that the very same official conduct constituted both an official action by the employer and 'personal' retaliation by the individual." *Id.* *See also Dorado v. Aargus Sec. Sys., Inc.*, No. 00 C 4002, 2002 WL 230776, at *7 (N.D. Ill. Feb. 14, 2002) ("[W]here retaliatory action is undertaken by a supervisor in the name of the employer, the claim lies against the employer, not against the supervisor individually."); *In re Hatch*, Charge No: 1993SP0482, 1999 WL 33252976, at *2 (Ill. Hum. Rts. Comm'n Oct. 4, 1999) ("Where retaliation is alleged against a respondent employer, the charge must be against the employer and not the respondent's employees or officials personally.").  The individual Defendants in this case plainly have excellent grounds to seek dismissal of the cause of action asserted against them by Misiak under the IHRA in state court.  However, those grounds are not a basis upon which the Court can find fraudulent joinder to defeat diversity jurisdiction, because the basis for the claim of fraudulent joinder asserted by AII and ASI is one that necessarily entails a finding of fraudulent joinder as to Corrier, a Missouri citizen who thus is of completely diverse citizenship with respect to Misiak.

"Fraudulent joinder is of course a device to defeat diversity jurisdiction." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1059 (S.D. Ill. 2006) (citing 14 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3641 (3d ed. 1998 & Supp. 2006)). Accordingly, "[t]o show fraudulent joinder, defendants must show a flaw specific to the joinder of [a] non-diverse party[.]" *Smith v. Merck & Co.*, 472 F. Supp. 2d 1096, 1099 (S.D. Ill. 2007) (quoting *Nicol v. Merck & Co.*, No. 06-926-GPM, 2006 WL 3804887, at *2 (S.D. Ill. Dec. 22, 2006)). By the same token, a claim of fraudulent joinder that amounts merely to a challenge to a plaintiff's ability to establish a cause of action against diverse and non-diverse defendants alike "manifestly [goes] to the merits of the action . . . and not to the joinder[.]" *Brooks v. Merck & Co.*, 443 F. Supp. 2d 994, 1001 (S.D. Ill. 2006) (quoting *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 153 (1914)). Thus, the Court has held on many occasions that "fraudulent joinder does not exist when an argument offered to prove fraudulent joinder of non-diverse defendants simultaneously shows that no case can be made against the diverse defendants." *Hauck v. ConocoPhillips Co.*, Civil No. 06-135-GPM, 2006 WL 1596826, at *9 (S.D. Ill. June 6, 2006). *See also Driscoll v. Brown & Crouppen, P.C.*, Civil No. 09-859-GPM, 2009 WL 3770190, at *3 (S.D. Ill. Nov. 10, 2009) (declining to find that a diversity-defeating party was fraudulently joined because under the common-law doctrine of intracorporate immunity as a matter of law she could not conspire with her diverse co-defendants; the defense was one that went to the merits of the plaintiff's cause of action against all of the defendants); *LaRoe v. Cassens & Sons, Inc.*, 472 F. Supp. 2d 1041, 1050 (S.D. Ill. 2006) (quoting *Davila v. American Home Prods. Corp.*, No. Civ. EP-03-CA-279(KC), 2004 WL 557176, at *4 (W.D. Tex. Feb. 3, 2004)) (a court cannot find fraudulent joinder on the basis of a defense that is not "limited to the defendants claimed to have

been fraudulently joined" and which therefore "pervades the merits of the case"); *Hardaway v. Merck & Co.*, Civil No. 06-465-GPM, 2006 WL 2349965, at **1-2 (S.D. Ill. Aug. 11, 2006) (rejecting allegations that a diversity-defeating defendant had been fraudulently joined because liability against that defendant was barred under Illinois law by the learned intermediary doctrine, as such allegations were tantamount to a claim that a diverse co-defendant, who was also entitled to claim the protection of the learned intermediary doctrine, was fraudulently joined); *Klohr v. Martin & Bayley, Inc.*, Civil No. 05-456-GPM, 2006 WL 1207141, at *3 (S.D. Ill. May 4, 2006) ("[T]he Court [cannot] find fraudulent joinder on the basis of a defense equally applicable as between [a diverse defendant] and [a non-diverse defendant]."). It is clear to the Court that under Illinois law Farmer, Simmonds, and Corrier are not proper party Defendants to Misiak's retaliation claim under the IHRA. However, that determination will have to be made by the state court: because diversity of citizenship is not complete in this case, this Court has no power to dismiss Misiak's cause of action against Farmer, Simmonds, and Corrier. The Court concludes that this case is due to be remanded to state court for lack of subject matter jurisdiction.

### III. CONCLUSION

Pursuant to 28 U.S.C. § 1447(c), this case is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, for lack of federal subject matter jurisdiction.

**IT IS SO ORDERED.**

DATED:  February 23, 2010

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge